IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE FIRMAN RICHARDS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-911 (MN) |
| | ) |
| PFC DANIEL BURGOS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

George Firman Richards III, Sussex Correctional Institution, Georgetown, Delaware – Pro Se Plaintiff.

June 13, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff George Firman Richards III, a pretrial detainee being held at Sussex Correctional Institutional ("SCI"), brings this action under 42 U.S.C. § 1983 against non-SCI defendants. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Plaintiff's Complaint is difficult to follow, but he appears to allege a broad conspiracy between his ex-girlfriend, the police, including an officer with whom his ex-girlfriend was having an affair, a doctor who evaluated him at an involuntary mental health clinic, a prosecutor, his public defender, and a judge. For relief, he requests damages as well as injunctions ending the criminal proceedings against him and requiring prosecution of some of the Defendants.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Having carefully reviewed the Complaint, the Court concludes that Plaintiff's allegations are frivolous.  According to Plaintiff, the problems began when Plaintiff went to the Seaford police

to file a complaint against his ex-girlfriend, Ms. Reaviles, for phone harassment and hacking his phone and computer, only to find out that the man Ms. Reaviles is having an affair with is a Seaford police officer, PFC Burgos.  From there, he alleges a broad conspiracy that involves PFC Burgos doing what Ms. Reaviles, his girlfriend, requests (*e.g.* making up charges to have Plaintiff arrested), his public defender having Plaintiff declared not competent to participate in his own defense and threatening him, witnesses lying under oath, and an Assistant District Attorney and Judge looking the other way.  There are no well-pleaded factual allegations to support his assertions.  Nor is it clear that the relief he seeks (dismissal of state criminal charges) is appropriately sought in this Court at this time (and through this Complaint).  The Complaint will therefore be dismissed.  Amendment is futile.  The Court will deny Plaintiff's pending motion for issuance of a subpoena as moot.

### IV.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.